IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAUL CHAVEZ<br>*Plaintiff,* | §<br>§<br>§ | |
| vs. | § | Civil Action No.7:16-CV-293 |
| | §<br>§ | |
| STATE FARM LLOYDS<br>*Defendant.* | §<br>§ | |

## DEFENDANT STATE FARM LLOYDS'S NOTICE OF REMOVAL

Defendant State Farm Lloyds (hereinafter "State Farm") files this Notice of Removal to remove from the County Court at Law No. 4 of Hidalgo County, Texas to this Court a suit styled *Saul Chavez v. State Farm Lloyds* and docketed under Cause No. CL-16-2038-D.

### STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1. This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction. 28 U.S.C.A. § 1441(a).

2. Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

### TIMELINESS OF NOTICE OF REMOVAL

3. This Notice is being filed within thirty (30) days after State Farm Lloyds was served with Plaintiff's Original Petition; therefore, State Farm is entitled to remove the case. Plaintiff's original state court petition naming State Farm as Defendant was filed on May 2, 2016. Defendant State Farm was served on May 6, 2016. State Farm is a diverse Defendant such that removal is proper under 28 U.S.C.A. section 1446 (b).

4.      True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit "A," as required by 28 U.S.C. §1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit "B."

## NATURE OF PLAINTIFFS' CASE AGAINST DEFENDANT

5.      This suit involves a claim made for property damage arising from a hail/windstorm that allegedly occurred on or about October 24, 2015, at the home of Plaintiff. State Farm is the insurer for the Plaintiff and received notice of this claim on or about December 1, 2015. Plaintiff now sues State Farm, alleging breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing. *See Plaintiff's Original Petition attached as Exhibit "A1."*

## DIVERSITY JURISDICTION PERMITS REMOVAL

6.      Pursuant to 28 U.S.C.A. § 1332(a)(1), this Court has diversity jurisdiction.

7.      Plaintiff is a citizen of Hidalgo County, Texas, as alleged in his Original Petition.

8.      Defendant State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.,* 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

9. The amount in controversy is in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs. 28 U.S.C.A §1332(a). Plaintiffs are requesting this case be conducted under "Discovery Level 3." *See Exhibit "A1" – Plaintiff's Original Petition, at p. 1 ¶ 3*. Plaintiff did attach a "Stipulation of Damages" to his Original Petition which alleged, in part, that the "amount in controversy in the above-styled and numbered cause does not exceed the sum or value of $74,999.00 exclusive of interests and costs." *See Exhibit "A1" – Plaintiff's Original Petition, at p. 21*. Plaintiff's "Stipulation of Damages" attached to his Original Petition is only signed by Plaintiff's counsel and not by Plaintiff himself. *See id.*

10. A plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy, unless the state practice does not permit demand for a specific sum. Further, it has been held where Plaintiff attempts to plead an amount not to exceed $75,000, such can be considered bad faith manipulation and an attempt to avoid federal jurisdiction. *See Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016). Considering this, combined with the fact that Plaintiff's "Stipulation of Damages" was not signed by Plaintiff himself, the Court should consider Plaintiff's stipulation one made as a bad faith attempt to avoid federal jurisdiction and the stipulation should not determine the amount in controversy applicable to determine federal jurisdiction in the instant case.

11. As Texas does not, in fact, allow for demand of a specific sum, the amount in controversy element can be satisfied by showing (1) it is apparent from the claims of the petition that the claims are likely to exceed $75,000.00, or (2) setting forth summary judgement-type evidence of facts in controversy that support a finding of the requisite amount. *Id., citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

12.     Plaintiff pleads treble damages and exemplary damages in addition to his other requested damages in his Original Petition. Plaintiff outlined damages to the property via an estimate completed January 8, 2016 by OnPointRestoration Inc. in the amount of $63,267.71. *See Exhibit "C" – Plaintiff's Estimate of Damages*. Thus, if Plaintiff's claim for punitive damages is successful, it is clear that such damages could easily exceed $75,000.00.

13.     As it is clear that Plaintiff's and Defendant are diverse parties and damages exceed $75,000.00, the amount in controversy requirement for federal jurisdiction is satisfied.

## NOTICE SHALL BE PROVIDED

14.     Pursuant to 28 U.S.C. §1446(d), State Farm will promptly give written notice of the filing of this notice of removal to Plaintiffs and will further file a copy of this Notice of Removal with the District Clerk of Hidalgo County, Texas, where the State Court Action was previously pending.

## JURY DEMANDED BY PLAINTIFFS

15.     Plaintiff requested a trial by jury in the State Court Action.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, State Farm prays that this Notice of Removal be granted, that Plaintiff's suit against State Farm proceed before this Court pursuant to this Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiff take nothing by its suit against State Farm, and for such other and further relief to which State Farm may be justly entitled.

                          Respectfully submitted,

                          **COWEN & GARZA, LLP**
                          506 E. Dove Avenue
                          McAllen, Texas 78504
                          T. (956) 994-9170
                          F. (956) 618-2324
                          viola@cowengarza.com

By:    */s/ Viola G. Garza*_____
           Viola G. Garza
           State Bar No. 00787518
           Federal ID No. 19310

                          **ATTORNEY FOR DEFENDANT**
                          **STATE FARM LLOYDS**

**Of Counsel:**
Sarah Pierce Cowen
Federal ID No. 7973
State Bar No. 15997480
sarah@cowengarza.com
Peyton S. Kampas
Federal ID No. 2571336
State Bar No. 24081533
peyton@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the preceding, Defendant's Notice of Removal has been filed electronically with the Clerk of the Court and notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile to the following CM/ECF participants on this 2nd day of June, 2016.

**VIA FACSIMILE: (210) 562-2873**
Marc K. Whyte
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Email: mwhyte@whytepllc.com
T: 210-562-2888

                                                        */s/ Viola G. Garza*